Kerry J. Jacobson
Assistant United States Attorney
Wyoming State Bar No. 6-2966
District of Wyoming
P.O. Box 449
Lander, WY 82520
(307) 332-8195
kerry.jacobson@usdoj.gov

Mark C. Hardee
Mark C. Hardee Law Office, P.C.
Wyoming State Bar No. 6-4137
2319 Pioneer Ave.
Cheyenne, Wyoming 82001
(307) 433-0777
markhardee@mchwyominglaw.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Criminal No. 23-CR-31-ABJ** |
| **CHRISTOPHER CHARLES BAKER,** | |
| Defendant. | |

---

### STIPULATED MOTION TO SET TRIAL DATE BEYOND SPEEDY TRIAL CALCULATIONS AND TO DECLARE CASE "UNUSUAL AND COMPLEX"

---

The United States Attorney for the District of Wyoming, by and through its attorney, and the Defendant, by and through his counsel, respectfully request that the Court declare this case unusual and complex for purposes of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* and hold a telephonic hearing and scheduling conference to determine the length of the justified continuance

and to set an appropriate trial date.  The requested ends-of-justice continuance is necessary given the volume and format of records, the number of crime laboratories involved in the analysis of material evidence, establishing the cause and manner of death for one person and the serious bodily injury of a second person, and the complexity of the issues involved. A continuance beyond the usual time limits established by the Speedy Trial Act would provide the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

### *Procedural Background*

On October 20, 2022, the Defendant was charged by Complaint with one count of Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(C). The Court issued a warrant for the Defendant's arrest, and he was transferred from the State of Wyoming's custody, where he had been scheduled to proceed to trial in state court on the facts underlying the current charges (ECF Doc. 2). The government moved to detain the Defendant pending trial and the Court detained the Defendant following a detention hearing on November 3, 2022 (ECF Doc. 16). The Parties twice petitioned the Court for a tolling of the speedy indictment computation to allow for pre-indictment investigation and negotiation which was slowed by winter weather and impassable roads (ECF Docs. 17, 18, 22). The Defendant's attorney moved to withdraw, and the Court appointed new counsel (ECF Doc. 24). On March 16, 2023, the grand jury returned an indictment charging the Defendant with one count of Distribution of Fentanyl Resulting in Death, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(C); one count of Distribution of Fentanyl Resulting in Serious Bodily Injury, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(C); and one count of Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(C) (ECF Doc. 26).  The Defendant entered pleas of not guilty at his initial appearance and arraignment on the Indictment on March 21, 2023

(ECF Doc. 32).  The Court entered its discovery and scheduling order, and jury trial was set to begin on May 22, 2023 (ECF Docs. 34, 35).

The Indictment charges the Defendant with distributing Fentanyl to three fellow inmates in the Albany County Detention Center, resulting in the death of one inmate and serious bodily injury to another inmate on different dates. As such, because the setting was in a detention center, multiple videos of various locations within the detention center are expected to be material evidence in this case. In attempting to meet its expert designation deadlines, the government learned that the Wyoming State Crime Laboratory was unable to timely complete all of the requested analysis and sent some of the evidence to two other laboratories for analysis and confirmation. Thus, the government has requested discovery from and will be required to list expert witnesses from at least three separate crime laboratories. Proving this case also requires the government to prove the cause and manner of one person's death and another person's serious bodily injury. The government has contracted with a toxicologist and provided him discovery for review. However, despite due diligence and due to the voluminous nature of the discovery, the toxicologist will be unable to review the discovery, form his opinion and write a report of his findings and conclusions within the timeframe of the current discovery and scheduling order. The Defendant will also need sufficient time to review the government's proposed expert testimony and consult his own experts in the areas of pathology, toxicology, and other various fields as well.

The Defendant was granted investigative services on April 5, 2023 (ECF Doc. 37). Winter weather has delayed planned investigation and the Defendant will need additional time to adequately investigate the allegations against him, prepare his defense, and determine whether plea negotiations would be in his best interest. The Defendant has been diligent in seeking his own

necessary expert witnesses but will need additional time to do so, particularly once the government's expert witnesses are noticed. The Defendant cannot adequately prepare his defense in the time remaining before the currently scheduled trial.

### Request for ends-of-justice continuance, extension of discovery deadline, and hearing

The Speedy Trial Act requires that a defendant's jury trial be commenced within 70 days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act then defines specific periods of excludable delay that toll the 70-day speedy-trial clock. *Id.* at § 3161(h).

As relevant here, the Act excludes delay "on the basis of [judicial] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). To be effective, an ends-of-justice continuance must be supported by adequate findings made on the record, either orally or in writing, at the time the continuance is granted. *Id.* When considering whether an ends-of-justice continuance is appropriate, a court must consider (among other factors) whether the case is so complex that it is unreasonable to expect adequate preparation within the time limits otherwise established by the Act. *Id.* at § 3161(h)(7)(B)(ii). A case may be complex under the Speedy Trial Act if the evidence is extensive and complicated, or if it would take additional time to sufficiently analyze and organize the evidence for trial. *United States v. Gordon*, 710 F.3d 1124, 1158 (10th Cir. 2013).

Here, an ends-of-justice continuance is justified. The government has provided, and continues to provide discovery as it becomes known and available. As of the filing of this motion,

the government has provided voluminous discovery and anticipates additional discovery once all the information from the multiple crime laboratories becomes available.

Additionally, continuing discovery is likely, as this investigation is ongoing. The government will continue to produce new discovery timely to the Defendant in accordance with the Court's discovery order and the government's continuing duty to disclose.

Time beyond the usual time limits established by the Speedy Trial Act will be needed by the parties to conduct the proper, necessary, and efficient preparations for trial. Because of the voluminous records, including video evidence, which is time-consuming to review, and the complex nature of the issues to be proved, including an unattended death and serious bodily injury, the failure to grant a continuance would result in a miscarriage of justice, as it would deny the parties the reasonable time necessary for effective preparation.

### *Conclusion*

Based on the aforementioned reasons, the parties respectfully request this Court find this case to be so unusual and complex that trial preparations cannot be reasonably completed within the usual time limits established by the Speedy Trial Act, and therefore a continuance serves the ends of justice and outweighs the best interest of the public and the Defendant in a speedy trial.

The government further respectfully requests additional time in which to list its expert witnesses, taking into account that detailed information of potential expert testimony will have to be reviewed with multiple scientific witnesses in multiple crime laboratories. The Defendant will also require additional time to review the government's proposed expert testimony and seek his own expert testimony in various fields.

The parties further request that, before granting this motion and deciding how much time to exclude, this Court hold a telephonic hearing and scheduling conference to determine how long a continuance is justified.

DATED this 10th day of April, 2023.

NICHOLAS VASSALLO
United States Attorney

By: _____
KERRY J. JACOBSON
Assistant United States Attorney


_____
Mark C. Hardee
Mark C. Hardee Law Office, P.C.
Attorney for the Defendant


## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2023, the foregoing was electronically filed and consequently served on defense counsel.

_____/s/ Mikala J. Dawson___
For the United States Attorney's Office