Kerry J. Jacobson Wyoming State Bar #6-2966
Assistant United States Attorney
District of Wyoming
P.O. Box 449
Lander, WY 82520
(307) 332-8195
kerry.jacobson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 23-CR-31-J |
| CHRISTOPHER BAKER, | |
| Defendant. | |

## GOVERNMENT'S MOTION IN LIMINE REGARDING SENTENCING CONSEQUENCES

Kerry J. Jacobson, Assistant United States Attorney for the District of Wyoming hereby moves this court to bar defense counsel from making any reference before the jury regarding potential sentencing ramifications, including any reference to mandatory minimum prison terms. Courts have unequivocally held that "arguing punishment to a jury is taboo." *United States v. Richardson,* 130 F.3d 765, 778 (7th Cir. 1997).

In *Shannon v. United States,* the Supreme Court clearly stated:

It is well established that when a jury has no sentencing function, it should be admonished to "reach its verdict without regard to what sentence might be imposed."

1

512 U.S. 573, 579 (1994) *quoting Rogers v. United States,* 422 U.S. 35, 40 (1975).  The Supreme Court explains that its reasoning for doing so is to avoid confusion and keep separate the jury's fact-finding role from the judge's role in determining the sentence the law requires:

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict.  Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Shannon v. United States,* 512 U.S. at 579.

The Tenth Circuit has also stated: "The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.  Breach of this standard has often been grounds for reversal." *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir.1980). The Tenth Circuit has held specifically that an instruction on possible minimum sentences is not required absent a jury's required participation in sentencing, and that a district court has no discretion to instruct the jury on sentencing ramifications. *See United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) *abrogated on other grounds by United States v. Wacker* 72 F.3d 1453 (10th Cir. 1995) ("We hold a jury instruction about mandatory minimum sentences was properly omitted because the offenses do not specifically require jury participation in sentencing."); *United States v. Gehringer,* 385 Fed. App. 830, 834 (10th Cir.2010)(unpublished)("In light of established Tenth Circuit and Supreme Court authorities, the district court had no discretion to instruct the

jury on the sentencing penalties, and therefore did not abuse its discretion in denying the defendant's request.").

The Fifth Circuit has stated:

> [i]t is the function of the jury to determine the facts and thereby the guilt or innocence of the defendant. It is the function of the judge to impose sentence. Recognizing that ordinarily there is no reason why the jury should be advised of something that has nothing to do with its duty, appellant contends that knowledge of the mandatory nature of the sentence would make the jury take a closer look at the evidence before them on the issue of guilt. But this is not the jury's function. The jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequence in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the statute.

*United States v. Del Toro*, F.2d 181, 184 (5th Cir. 1970).

The term of imprisonment to be imposed should the jury find the Defendant guilty of Counts One and Two is a statutorily mandated term of life imprisonment. In this case, the United States requests the Court to preclude argument, evidence on, or argument or reference to the effect of a possible verdict. That is, defense counsel should not be allowed to directly, or indirectly, refer to the mandatory sentencing ramifications should they convict the Defendant of the charges contained in the indictment. Mention of any of the potential penalties faced by the Defendant would serve only the improper purpose of jury nullification.

Similarly, the defense should not be allowed to suggest by evidence or argument that a conviction could have harsh consequences for the Defendant or others. Such information is irrelevant and inadmissible under Fed. R. Evid. 402, and to the extent it has any relevancy, its probative value is substantially outweighed by its prejudicial effect or tendency to confuse the jury, so it should also be excluded under Fed. R. Evid. 403.

> The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial. . . . A jury is obligated to reach its verdict without regard to what sentence may be imposed.

*United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980).

Proscribed mention of penalties should include not only specific reference to years in jail, but also defense arguments that the Defendant is "on trial for his life," or that the Defendant's "freedom" hangs on the outcome of the jury's decision, or similar types of arguments. Each of these arguments invites the jury to consider the penal consequences of a conviction on the Defendant and, therefore, are wholly improper. Accordingly, the Defendant should be precluded from in any way mentioning potential penalties.

Respectfully submitted this 26th day of September, 2023.

NICHOLAS VASSALLO
United States Attorney

By:   /s Kerry J. Jacobson
KERRY J. JACOBSON
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

This is to certify that on the 26th day of September 2023, I served a true and correct copy of the foregoing **GOVERNMENT'S MOTION IN LIMINE REGARDING SENTENCING CONSEQUENCES**  via the Court's EC/EMF filing system upon counsel of record:

/s/ *Elizabeth Kilmer*
For the United States Attorney's Office