**Mark C. Hardee #6-4137**
**Mark C. Hardee Law Office, P.C.**
**2319 Pioneer Ave.**
**Cheyenne, WY  82001**
**(307)433-0777**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA**     ) | |
| )  | Criminal No.  # 23-CR-31-ABJ |
| **Plaintiff**          ) | |
| ) | |
| **vs**                            ) | |
| ) | |
| **CHRISTOPHER CHARLES BAKER**    ) | |
| ) | |
| **Defendant**       ) | |

### MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ARREST AND SEARCH OF DEFENDANT RESIDENCE, DETENTION CENTER BODY CAMERA  FOOTAGE AND CRIME SCENE PHOTOS

COMES NOW, Christopher Charles Baker, by and through his attorney, Mark C. Hardee of Mark C. Hardee Law Office, PC, and hereby submits his Motion in Limine to Exclude Evidence of Arrest and Search of Residence, Detention Center Body Camera Footage and Crime Scene Photos, and in support of such states as follows;

The Defendant has been charged with three counts; distribution of fentanyl resulting in death, distribution of fentanyl resulting in serious bodily injury, and distribution of fentanyl.  All counts are related and are alleged to have occurred in the Albany County jail on or about March 11-13, 2022.  The Defendant was arrested by Albany County Sheriff's Deputies on March 11, 2022 relative to a stolen vehicle.  The Defendant also apparently had an outstanding warrant.  The investigation that occurred incident to the

arrest revealed the presence of illegal substances including fentanyl and Xanax.  These substances were apparently recovered from the vehicle that was the subject of the investigation and the residence of the Defendant.  The Defendant was charged with possession of the fentanyl and booked into the Albany County Detention Center.  The Defendant was processed into the detention center presumably under all of the standard search and safety procedures used by the facility.  The Defendant was placed into the general population presumably without any illegal substances being seen or recovered by jail personnel.

The events that the indictment rely upon for the three charges occurred after the Defendant arrived at the jail.  It is alleged that the Defendant distributed fentanyl to R.R., J.N and N.K.  R.R. overdosed on fentanyl and died as a result.  J.N. is alleged to have overdosed on fentanyl and survived.  The Government's theory is that the Defendant, somehow, must have smuggled fentanyl into the facility in order to distribute it to the other inmates.  The Government seeks to introduce evident of events prior to the Defendant entering the facility in order to support the raw assumption that he must have succeeded in smuggling.  This assumption fails to consider and completely ignores the possibility that fentanyl was already present in the facility at the time the Defendant arrived there and that all of the individuals in the facility had access to it.  This theory creates an "hourglass effect", whereby the volume of information the Government seeks to introduce at the top must pass through the narrow passage at the neck of the hourglass and then becomes part of the volume at the bottom.  Without evidence that the Defendant actually smuggled fentanyl into the facility, the Court can rely upon the presumption that the Defendant was properly searched and no illegal substances were found.

The Defendant further objects to the introduction of detention center body camera footage and crime scene photos on the basis that they are irrelevant and unduly prejudicial. It is the understanding of counsel that the Government may have, or will have, specific proposed exhibits for the Court to consider. The Defendant makes his plenary objection to all proposed exhibits and will reserve argument on any specific exhibit once it has been identified and produced.

The Defendant further seeks to limit the use of his alleged statements to N.K. relating to his association with the Aryan Brotherhood, and any alleged prison sentence for murder. These are alleged statements of the Defendant to another inmate. These are unreliable reports and fall within the category of irrelevance and prejudice under Rules 402 and 403.

In order for evidence to be properly admitted at trial the evidence must be relevant to the proceedings at hand, F.R.E. Rule 402. Irrelevant evidence is to be excluded at trial. In addition, evidence introduced at trial must be probative of an element of the offense and not more prejudicial to the Defendant than the probative value justifies, F.R.E. Rule 403. The Defendant will stipulate to his prior felony conviction. The Defendant argues that any evidence sought to be admitted by the Government regarding the specifics of the outstanding warrant, any other warrant not the basis for the arrest, or any prior criminal conduct of the Defendant should be excluded. Evidence regarding the existence of the warrant is relevant, however all other evidence sought to be excluded is not relevant to the elements of the offense and more prejudicial than probative.

WHEREFORE the undersigned prays that this Court grant the Defendant's Motion in Limine to exclude:

1.       Any evidence sought to be admitted by the Government regarding the arrest, investigation, and items seized on March 11, 2022.  This includes evidence of illegal substances, other crimes and the outstanding warrant.

2.       The use of detention center body camera footage and crime scene photos from the decedent R.R. and the inmate J.N.

3.       Any reference to statements allegedly made to N.K. regarding the Defendant and the Aryan Brotherhood or any criminal sentence for alleged murder.

Dated this 29th day of September, 2023.

                                      CHRISTOPHER CHARLES BAKER
                                      BY

                                      /s/Mark Hardee
                                      Mark C. Hardee #6-4137
                                      Mark C. Hardee Law Office, P.C.
                                      2319 Pioneer Ave.
                                      Cheyenne, WY  82001
                                      (307)433-0777

## CERTIFICATE OF SERVICE

I Mark C. Hardee certify that a true and correct copy of the foregoing Stipulated Motion in Limine has been forwarded to U.S. Attorney, via electronic filing on this 29th day of September, 2023.

                                      /s/ Mark C. Hardee
                                      Mark C. Hardee