Kerry J. Jacobson
Wyoming State Bar #6-2966
Assistant United States Attorney
District of Wyoming
P.O. Box 449
Lander, WY 82520
(307) 332-8195
kerry.jacobson@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| **v.** | **Criminal No: 23CR031-J** |
| **CHRISTOPHER CHARLES BAKER,** | |
| Defendant. | |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The United States of America hereby submits case-specific jury instructions and a special verdict form for the anticipated jury trial in this matter. The government requests that these substantive offense instructions be given to the jury along with this court's standard instructions.

The government's proposed jury instructions describe the indictment against the Defendant and list the elements of the charged crimes. Because the offenses alleged in the indictment include certain factors—death and serious bodily injury--which if determined by the jury, would result in the imposition of a minimum mandatory sentence, the government's proposed instructions list the elements of the charged crimes and the verdict form instructs the jury to determine whether death and serious bodily injury occurred.

For now, the government has proposed only those instructions which the government currently believes are necessary given the expected evidence and the government's theory of the case. The government requests the right to propose additional instructions to account for any unexpected evidence or defenses.

Respectfully submitted this 3rd day of October, 2023.

NICHOLAS VASSALLO
United States Attorney


By:     /s/*Kerry J. Jacobson*
KERRY J. JACOBSON
Assistant United States Attorney

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 3rd day of October, 2023, a true and correct copy of the foregoing **<u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>** was electronically filed and served upon counsel of record through the CM/ECF filing system.

<u>     /s/Mikala Dawson                        </u>
United States Attorney's Office

JURY INSTRUCTION NO. 1

The government and the Defendant have stipulated—that is, they have agreed—that if Dr. James Wilkerson and Karl Suni were called as witnesses they would testify in the way counsel has stated. You should accept that as being the witness's testimony, just as if it had been given here in court from the witness stand.

The government and the Defendant have also agreed or stipulated to certain other facts. There was no disagreement over these facts, so there was no need for evidence on either side of these facts. You must therefore treat those facts as having been proved.

GIVEN: _____

REFUSED: _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority: Eighth Circuit Model Jury Instructions §§ 2.02 (stipulated testimony) & 2.03 (stipulated facts) (2021).

JURY INSTRUCTION NO. 2

During this trial, you heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would consider any other evidence.

You were also shown transcripts of some of those recorded conversations. Keep in mind that the transcripts shown are not evidence. They were provided to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

GIVEN:  _____

REFUSED:  _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority: Tenth Circuit Pattern Jury Instructions Criminal § 1.22 (2021).

JURY INSTRUCTION NO. 3

A separate crime is charged against the Defendant in each count of the indictment. You must separately consider the evidence against the Defendant on each count and return a separate verdict on each count.

Your verdict as to any one count, whether it is guilty or not guilty, should not influence your verdict as to any other count.

GIVEN:   _____

REFUSED:   _____

_____

UNITED STATES DISTRICT COURT JUDGE

Authority: Tenth Circuit Pattern Jury Instructions Criminal § 1.22 (2021) (modified).

JURY INSTRUCTION NO. 4

You are here to decide whether the government has proved beyond a reasonable doubt that the Defendant is guilty of the crimes charged. The Defendant is not on trial for any act, conduct or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this Defendant has been proved guilty of the crimes charged.

GIVEN: _____

REFUSED: _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority:   Tenth Circuit Pattern Jury Instructions Criminal § 1.19 (10th Cir. 2021).

JURY INSTRUCTION NO. 5

If you find the Defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

GIVEN: _____

REFUSED: _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority: Tenth Circuit Pattern Jury Instructions Criminal § 1.20 (2021).

JURY INSTRUCTION NO. 6

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years. A prior conviction does not mean that a witness is not qualified to testify but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any such felony conviction that was used to impeach a witness.

GIVEN:   _____

REFUSED:   _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority: Tenth Circuit Pattern Instructions Criminal § 1.15 (modified). Commentary to § 1.15: Fed. R. Evid. 609 expressly requires that evidence of a felony conviction shall be admitted, subject to Rule 403. It is important that the court conduct, on the record, a Rule 403 balancing before determining whether to admit or exclude evidence of a felony conviction. *United States v. Howell,* 285 F.3d 1263, 1269-70 (10th Cir. 2002). Rule 403 balancing is not required if the prior crime involves dishonesty or false statements. *United States v. Begay,* 144 F.3d 1336, 1338 (10th Cir. 1998). A crime of dishonesty or false statement does not need to be a felony. Care must be exercised, however, because some offenses that may sound like crimes of dishonesty may not be. *See, e.g., United States v. Dunson,* 142 F.3d 1213, 1215-16 (10th Cir. 1998) (holding that shoplifting is not "automatically" a crime of dishonesty or false statement). The court should consider giving this instruction at the conclusion of the witness's testimony, as well as at conclusion of the trial.

JURY INSTRUCTION NO. 7

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

GIVEN: _____

REFUSED: _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority: Tenth Circuit Pattern Jury Instructions Criminal § 1.17 (2021) (modified).

JURY INSTRUCTION NO. 8

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

GIVEN:   _____

REFUSED:   _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority:   Tenth Circuit Pattern Instructions Criminal § 1.37 (modified).

JURY INSTRUCTION NO. 9

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what a defendant said, what a defendant did, how a defendant acted, and any other facts or circumstances in evidence that show what was in a defendant's mind.

You may also consider the natural and probable results of any acts that a defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

GIVEN: _____

REFUSED: _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority: Sixth Circuit Pattern Jury Instructions § 2.08 (2022).

JURY INSTRUCTION NO. 10

Count One of the indictment charges that between on or about March 11, 2022, and March 12, 2022, in the District of Wyoming, the Defendant, **CHRISTOPHER CHARLES BAKER**, did knowingly and intentionally distribute a mixture and substance containing a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, the use of which resulted in the death of R.R. on or about March 12, 2022 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

GIVEN:   _____

REFUSED:   _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority:   Indictment

JURY INSTRUCTION NO. 11

The Defendant is charged in Count One of the indictment with distributing a mixture or substance containing a detectable amount of fentanyl which resulted in the death of R.R.

The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

(1)    Between on or about March 11, 2022 and March 12, 2022;

(2)    the Defendant knowingly or intentionally distributed a controlled substance;

(3)    the Defendant knew at the time the substance was a controlled substance; and,

(4)    that the death of R.R. resulted from that distribution.

To find the Defendant guilty of distribution of a controlled substance resulting in death you must find that the controlled substance distributed by the Defendant was a but-for cause of R.R.'s death. "But-for" causation means that without using the controlled substance distributed by the Defendant, R.R. would not have died. The government need not prove that R.R.'s death was foreseeable to the Defendant or that the Defendant intended, or should have known, that the distributed controlled substance would cause R.R.'s death.

There is no requirement that the government prove that the Defendant knew he was distributing a particular kind of controlled substance. Rather, the Government must only prove that the Defendant knew he was distributing a controlled substance.

If you are convinced that the government has proved all these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

GIVEN: _____

REFUSED: _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority: 21 U.S.C. §§ 841(a), 841(b)(1)(C); *Burrage v. United States*, 571 U.S. 204, 210 (2014) ("the crime ... has two principal elements: (i) knowing or intentional distribution of heroin, § 841(a)(1), and (ii) death caused by ('resulting from') the use of that drug, § 841(b)(1)(C).") The element that the victim sustained serious bodily injury or death resulting from the use of the drug distributed by the defendant increases the maximum and/or mandatory minimum sentence under § 841(b)(1)(A) — (C) and (b)(1)(E)(i) & (ii) and so must be proved to the jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

*McFadden v. United States*, 576 U.S. 186, 188-89 (2015) (The Supreme Court has clarified that "[t]he ordinary meaning of § 841(a)(1) thus requires a defendant to know only that the substance he is dealing with is some unspecified substance listed on the federal drug schedules." *United States v. Barbosa,* 271 F.3d 438, 458 (3rd Cir.2001) ("[T]he structure and plain text of § 841 affords no support for a requirement that the Government must prove more than the defendant's knowledge that he was trafficking in a controlled substance.")

*United States v. Williams,* 998 F.3d 716 (6th Cir. 2021) (The death-or-injury sentence enhancement does not require the defendant to have a culpable mental state regarding the death or serious bodily injury).

*United States v. Burkholder*, 816 F.3d 607, 612-21 & n. 5 (10th Cir. 2016) ("the Supreme Court did not indicate [in Burrage] that a separate mens rea attaches to the second element of [a distribution-resulting-in-death] crime." *Id. cf. United States v. Lowell,* 2 F.4th 1291, 1293–95, 1297–98 (10th Cir. 2021) (relying on Burkholder and holding that a defendant who struck a motorcycle with his car and killed the driver was subject to a federal-carjacking statute's "death results" enhancement "irrespective of the defendant's intent in causing that death" even though the statute's prefatory paragraph contained a specific-intent requirement). Every circuit to consider § 841(b)(1)(C)'s "death results" element has concluded that it imposes strict liability. *See United States v. Hatfield,* 591 F.3d 945, 950 (7th Cir. 2010) ("[T]he cases are unanimous and emphatic that section 841(b)(1)(C) imposes strict liability." (collecting cases)).

JURY INSTRUCTION NO. 12

Count Two of the indictment charges that between on or about March 11, 2022, and March 14, 2022, in the District of Wyoming, the Defendant, **CHRISTOPHER CHARLES BAKER**, did knowingly and intentionally distribute a mixture and substance containing a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, the use of which resulted in serious bodily injury to J.N. in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

GIVEN:   _____

REFUSED:   _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority:   Indictment

JURY INSTRUCTION NO. 13

The Defendant is charged in Count Two of the indictment with distributing a mixture or substance containing a detectable amount of fentanyl which resulted in the serious bodily injury of J.N.

The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

(1)     Between on or about March 11, 2022, and March 14, 2022;

(2)     the Defendant knowingly distributed a controlled substance;

(3)     the Defendant knew at the time the substance was a controlled substance; and,

(4)     that the serious bodily injury of J.N. resulted from that distribution.

To find the Defendant guilty of distribution of a controlled substance resulting in serious bodily injury you must find that the controlled substance distributed by the Defendant was a but-for cause of J.N.'s serious bodily injury. "But-for" causation means that without using the controlled substance distributed by the Defendant, J.N. would not have sustained serious bodily injury. The government need not prove that serious bodily injury to J.N. was foreseeable to the Defendant or that the Defendant intended, or should have known, that the distributed controlled substance would cause J.N. serious bodily injury.

There is no requirement that the government prove that the Defendant knew he was distributing a particular kind of controlled substance. Rather, the Government must only prove that the Defendant knew he was distributing a controlled substance.

If you are convinced that the government has proved all these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

GIVEN: _____

REFUSED: _____

_____

UNITED STATES DISTRICT COURT JUDGE

Authority: 21 U.S.C. §§ 841(a), 841(b)(1)(C); *Burrage v. United States*, 571 U.S. 204, 210 (2014) ("the crime ... has two principal elements: (i) knowing or intentional distribution of heroin, § 841(a)(1), and (ii) death caused by ('resulting from') the use of that drug, § 841(b)(1)(C).") The element that the victim sustained serious bodily injury or death resulting from the use of the drug distributed by the defendant increases the maximum and/or mandatory minimum sentence under § 841(b)(1)(A) — (C) and (b)(1)(E)(i) & (ii) and so must be proved to the jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

*McFadden v. United States*, 576 U.S. 186, 188-89 (2015) (The Supreme Court has clarified that "[t]he ordinary meaning of § 841(a)(1) thus requires a defendant to know only that the substance he is dealing with is some unspecified substance listed on the federal drug schedules." *United States v. Barbosa,* 271 F.3d 438, 458 (3rd Cir.2001) ("[T]he structure and plain text of § 841 affords no support for a requirement that the Government must prove more than the defendant's knowledge that he was trafficking in a controlled substance.")

*United States v. Williams,* 998 F.3d 716 (6th Cir. 2021) (The death-or-injury sentence enhancement does not require the defendant to have a culpable mental state regarding the death or serious bodily injury).

*United States v. Burkholder*, 816 F.3d 607, 612-21 & n. 5 (10th Cir. 2016) ("the Supreme Court did not indicate [in Burrage] that a separate mens rea attaches to the second element of [a distribution-resulting-in-death] crime." *Id. cf. United States v. Lowell,* 2 F.4th 1291, 1293–95, 1297–98 (10th Cir. 2021) (relying on Burkholder and holding that a defendant who struck a motorcycle with his car and killed the driver was subject to a federal-carjacking statute's "death results" enhancement "irrespective of the defendant's intent in causing that death" even though the statute's prefatory paragraph contained a specific-intent requirement). Every circuit to consider § 841(b)(1)(C)'s "death results" element has concluded that it imposes strict liability. *See United States v. Hatfield,* 591 F.3d 945, 950 (7th Cir. 2010) ("[T]he cases are unanimous and emphatic that section 841(b)(1)(C) imposes strict liability." (collecting cases)).

JURY INSTRUCTION NO. 14

Count Three of the indictment charges that between on or about March 11, 2022, and on or about March 14, 2022, in the District of Wyoming, the Defendant, **CHRISTOPHER CHARLES BAKER**, did knowingly and intentionally distribute a mixture and substance containing a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, to N.K. in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

GIVEN:  _____

REFUSED:  _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority:  Indictment

JURY INSTRUCTION NO. 15

The Defendant is charged in Count Three of the indictment with distributing a mixture or substance containing a detectable amount of fentanyl.

The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

(1)     Between on or about March 11, 2022 and March 14, 2022;

(2)     that the Defendant knowingly distributed a controlled substance; and,

(3)     the Defendant knew at the time the substance was a controlled substance.

If you are convinced that the government has proved all these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

GIVEN:   _____

REFUSED:   _____


_____
UNITED STATES DISTRICT COURT JUDGE

Authority: 21 U.S.C. §§ 841(a), 841(b)(1)(C).

JURY INSTRUCTION NO. 16

For purposes of these instructions:

1) The indictment charges that the crimes were committed "on or about" certain dates. The government must prove beyond a reasonable doubt that the Defendant committed the crimes reasonably near dates alleged in the indictment.

2)    It is a federal crime for anyone to distribute a controlled substance.

3)    Fentanyl is Schedule II "controlled substance."

4)    To "distribute" a controlled substance is to deliver possession of a controlled substance to someone else, even if nothing of value is exchanged.

5)    "Serious bodily injury" means bodily injury that involves-

(A) A substantial risk of death;

(B) Protracted and obvious disfigurement; or

(C) Protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

GIVEN:        _____

REFUSED:      _____

_____
UNITED STATES DISTRICT COURT JUDGE


Authority: 21 U.S.C. § 802(11) (definition of distribute); Eleventh Cir. Pattern Jury Instructions O98 (distribution defined); 21 U.S.C. § 802(25) (definition of serious bodily injury).

JURY INSTRUCTION NO. 17

To find the Defendant guilty of the crimes alleged in the indictment, you must be convinced that the government has proved, by a preponderance of the evidence, that venue for these offenses lies in the District of Wyoming. A preponderance of the evidence is sufficient to persuade you that a fact is more likely present than not present. To prove venue lies in the District of Wyoming, the government must prove the crimes were committed in the District of Wyoming.

GIVEN: _____

REFUSED: _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority: Tenth Circuit Pattern Instructions Criminal, § 1.05.1 (10th Cir. 2021); FED. R. CRIM. P. 18.

JURY INSTRUCTION NO. 18

Statements knowingly and voluntarily made by the Defendant upon being informed that a crime had been committed or upon being accused of a criminal charge may be considered by the jury. When a Defendant voluntarily offers an explanation or voluntarily makes some statement tending to show his innocence, and it is later shown that the Defendant knew that the statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a Defendant. It is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to the Defendant's explanation or statement points to a consciousness of guilt on his part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons--fully consistent with innocence -- that could cause a person to give a false statement showing that he did not commit a crime. Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

GIVEN: _____

REFUSED: _____


_____
UNITED STATES DISTRICT COURT JUDGE


Authority: 1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 14.06 (6th ed. 2008 & Supp.)

JURY INSTRUCTION NO. 19

You have heard evidence that after the crimes were alleged to have been committed, the Defendant concealed evidence. If you believe that the Defendant concealed evidence, then you may consider this conduct as a showing of a consciousness of guilt on the part of the Defendant. You may consider this, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crimes charged. Keep in mind however, sometimes an innocent person may conceal evidence for some other reason, such as fear of law enforcement or a reluctance to become involved. The Defendant has no obligation to prove that he had an innocent reason for his conduct.

GIVEN:   _____

REFUSED:   _____

_____
UNITED STATES DISTRICT COURT JUDGE


Authority: Sixth Circuit Pattern Jury Instructions 7.14 (2022) (modified). *See United States v. Jackson,* 55 F.3d 1219, 1226 (6th Cir. 1995).

JURY INSTRUCTION NO. 20

You have heard evidence that the defendant committed other wrongs or acts. You may consider this evidence only if you (unanimously) find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it for its bearing, if any, on the question of the Defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, and absence of accident. You should give it the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved, you must disregard it.

Remember, even if you find that the defendant may have committed other wrongs or acts in connection with the charged crimes, this is not evidence that he committed the crimes described in the indictment. You may not convict a person simply because you believe he may have committed another wrong or act in the past. The Defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issues stated above.

GIVEN: _____

REFUSED: _____

_____
UNITED STATES DISTRICT COURT JUDGE

Authority: Eighth Circuit Manual of Model Jury Instructions § 2.08 (2021).