**Mark C. Hardee #6-4137**
**Mark C. Hardee Law Office, P.C.**
**2319 Pioneer Ave.**
**Cheyenne, Wyoming 82001**
**(307) 433-0777**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 23-cr-31-ABJ |
| | ) | |
| CHRISTOPHER CHARLES BAKER | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The Defendant, Christopher Charles Baker, respectfully requests the Court give the jury, in addition to the Court's stock instructions, the instructions attached hereto, at the time the Court instructs the jury in this case. The Defendant reserves the right to supplement these jury instructions.

Dated this 3rd day of October, 2023.

CHRISTOPHER CHARLES BAKER


/s/Mark Hardee_____
Mark C. Hardee Law Office, P.C.
2319 Pioneer Ave.
Cheyenne, WY 82001
(307) 433-0777

**<u>CERTIFICATE OF SERVICE</u>**

I, Mark Hardee, do hereby certify that a true and correct copy of the foregoing document has been forwarded to Asst U.S. Attorney, via the Court's electronic filing system, on the 3rd day of October, 2023.

<u>/s/ Mark Hardee</u>
Mark C. Hardee Law Office, P.C.

**JURY INSTRUCTION 1.01**

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by an assistant United States attorney, Kerry Jacobson. The defendant, Christopher Baker, is represented by his lawyer, Mark C. Hardee

The indictment charges the defendant with Count I Distribution of Fentanyl Resulting in Death, Count 2 Distribution of Fentanyl Resulting in Serious Bodily Injury, and Count 3 Distribution of Fentanyl.  The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of guilt or anything else. The defendant pleaded not guilty and is presumed innocent. He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant's lawyer may [make an opening statement and] present evidence, but he is not required to do so. I remind you that the defendant is presumed innocent, and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse

you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each been given time for their final arguments.

[The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.]

During the course of the trial, I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

GIVEN:_____

REFUSED:_____


_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.03**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of trial to explain to you the rules of the law that you must follow and apply in arriving at your verdict.

In explaining the rules of the law that you must follow, first, I will give you some general instructions which apply in every criminal case – for example, instructions about burden of proof and insights that may help you judge the believability of witnesses.  Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

## JURY INSTRUCTION 1.04

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

GIVEN:_____

REFUSED:_____


_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.05**

**PRESUMPTION OF INNOCENCE – BURDEN OF PROOF – REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.05.1**

**PREPONDERANCE OF EVIDENCE**

Preponderance of evidence is evidence sufficient to persuade you that a fact is more likely present than not present.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

## JURY INSTRUCTION 1.06

## EVIDENCE – DEFINED

You must make your decisions based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck some things from the record.  You must completely ignore all of these things. Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.07**

**EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES**

There are generally speaking, two types of evidence from which a jury may properly determine the facts of the case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and commons sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

## JURY INSTRUCTION 1.08

## CREDIBILTY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witnesses' testimony.  An important part of your job will be making judgements about the testimony of the witnesses [including the defendant] who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witnesses' testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon.

The defendant did not testify, and I remind you that you cannot consider his

decision not to testify as evidence of guilt.  I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify or call any witnesses.  That is a constitutional right in this country.  It is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than the other.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.08.1**
**NON TESTIFYING DEFENDANT**

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to the defendant the right to remain silent.  That means the right to not testify.  That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.10**

**IMPEACHMENT BY PRIOR INCONSISTENCIES**

You have heard the testimony of _____.  You have also heard that, before this trial, he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating his testimony here in court.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.12**

**IMPEACHMENT BY PRIOR CONVICTION**

**(Witness Other Than Defendant)**

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a [felony, that is, of a crime punishable by imprisonment for a term of years] or of a [crime of dishonesty or a false statement].  A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of a witness.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

## JURY INSTRUCTION 1.13

## IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER

You have heard the testimony of _____, who was a witness in the [government's] [defense's] case.  You also heard testimony from others concerning [their opinion about his character for truth-telling] [his reputation, in the community where he lives, for telling the truth].  It is up to you to decide from what you heard here whether _____ was telling the truth in this trial.  In deciding this, you should bear in mind the testimony concerning his [reputation for] truthfulness.


GIVEN:_____

REFUSED:_____



_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.16**

**WITNESS'S USE OF ADDICTIVE DRUGS**

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

_____ may be considered to be an abuser of drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

## JURY INSTRUCTION 1.17

## EXPERT WITNESS

[During the trial you heard the testimony of who expressed opinions concerning

_____.  In some cases, such as this one, scientific, technical, or other specialized

knowledge may assist the jury in understanding the evidence or in determining a fact in the

issue.  A witness who has knowledge, skills, experience, training or education may testify

and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion

testimony just as you consider other testimony in this trial.  Give opinion testimony as

much weight as you think it deserves, considering the education and experience of the

witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

GIVEN:_____

REFUSED:_____

_____

U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.18**

**ON OR ABOUT**

You will note that the indictment charges that the crime was committed on or about March 11, 2022 and March 12, 2022.  The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near March 11, 2021 and March 12, 2022.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.19**

**CAUTION-CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.  The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.20**

**CAUTION -PUNISHMENT**

If you find the defendant guilty, it will be my duty to decide what the punishment

will be.  You should not discuss or consider the possible punishment in any way while

deciding your verdict.


GIVEN:_____

REFUSED:_____



_____
U.S. DISTRICT COURT JUDGE

## JURY INSTRUCTION 1.23

## DUTY TO DELIBERATE – VERDICT FORM

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide you through deliberations and will speak for you here in the courtroom. [The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.]

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstance should you reveal to me the numerical division of the jury.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTIONS 1.29**

**IDENTIFICATION TESTIMONY**

The government must prove, beyond a reasonable doubt, that the offense(s) charged in this case was actually committed and that it was the defendant who committed it.  Thus, the identification of the defendant as the person who committed the offense(s) charged is a necessary and important part of the government's case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness.  You should also consider at least the following questions:

Did the witness have the ability and the adequate opportunity to observe the person who committed the offense(s) charged?  You should consider, in this regard, such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness has known or observed the person before.

In the testimony about an identification made after the commission of the crime(s) the product of the witness's own recollection.  In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the crime(s) and the witness's subsequent identification.

If, after examining all the testimony and evidence in this case, you have a reasonable doubt as to the identity of the defendant as the person who committed the offense(s) charged, you must find the defendant not guilty.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

## JURY INSTRUCTION 1.30

## SIMILAR ACTS

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant.  You may consider that evidence only as it bears on the defendant's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.  Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 1.44**

**COMMUNICATION WITH THE COURT**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to [the marshal] [the bailiff] [my law clerk], who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you return to the court room so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me the any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trail and sentencing proceedings, was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.

GIVEN:_____

REFUSED:_____

_____
U.S. DISTRICT COURT JUDGE

**JURY INSTRUCTION 2.85.1**

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**

**21 U.S.C.§ 841(a)(1)**

The defendant is charged in count one - three with a violation of 21 U.S.C. § 841(a)(1).

This law makes it a crime to distribute a controlled substance.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  The Defendant knowingly or intentionally, distributed a controlled substance as charged;

Second:  The substance was in fact N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl;

Third:  The amount of the controlled substance distributed by the defendant contained a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl.

Fourth:  Serious bodily injury and/or death resulted from the use of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl.

N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, also known as fentanyl is a controlled substance within the meaning of the law.

The term "distribute" means to deliver or to transfer possession or control of something from one person to another.  Ther term "distribute" includes the sale of something by one person to another.  It is not necessary, however, for the government to

prove that any transfer of money or other thing of value occurred at the same time as, or

because of, the distribution.


GIVEN:_____

REFUSED:_____



_____

U.S. DISTRICT COURT JUDGE